IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>555 Fourth St., N.W.,<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>        v.<br><br>6302 MASSACHUSETTS AVENUE<br>BETHESDA, MD 20816,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"):

### NATURE OF THE ACTION

1. This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the United States of America the following property: 6302 Massachusetts Avenue, Bethesda, MD 20816 ("the defendant property"), through enforcement of 18 U.S.C. § 981(a)(1)(C), which provides for forfeiture of any property, real or personal, constituting or derived from proceeds traceable to a "specified unlawful activity," including proceeds from transportation of stolen goods, in violation of 18 U.S.C. § 2314.

2. This action is also brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for

forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957 (money laundering), or any property traceable to such property.

## THE DEFENDANT IN REM

3. The defendant property, **6302 Massachusetts Avenue, Bethesda, MD 20816**, is more fully described as:

> Lot 5 in Block 9A, part of a resubdivision of original Lots 12-16, Block 9 in the subdivision known as and called, "GLEN ECHO HEIGHTS", as per plat recorded in Plat Book 19, at Plat No. 1218, among the Land Records of Montgomery County, Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the government will serve notice on the defendant property pursuant to Rule G of the Supplemental Rules and 18 U.S.C. § 985(c)(1). In accordance with 18 U.S.C. § 985(b)(1)(A), the defendant property will not be seized until the entry of an order of forfeiture.

6. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. Based on the facts set forth in this Complaint, there is reasonable cause to believe that payments for the mortgage, maintenance/and or home improvements to the defendant property

were funded with the proceeds of transportation of stolen goods and, therefore, the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to transportation of stolen securities and moneys (in violation of 18 U.S.C. § 2314), and pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money laundering offense in violation of 18 U.S.C. § 1957.

8. There is reasonable cause to believe that from mid-2003 through January, 2008, Ward transported, transmitted, or transferred in interstate commerce securities or money of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud. The investigation has revealed that Ward used his position as Treasurer of the yearly President's Dinner Committees to write numerous checks to himself from the yearly President's Dinner Committees' Wachovia Bank ("Wachovia") accounts, and to transfer funds from those accounts to his own accounts for no legitimate purpose. Further there is cause to believe that Ward used a portion of funds stolen from the yearly President's Dinner Committees' Wachovia accounts to make payments for the mortgage and maintenance/home improvements to the defendant property, 6302 Massachusetts Avenue, Bethesda, MD 20816, owned by Ward and his wife. Some of these monetary transactions in which Ward used criminally derived funds were of the value greater than $10,000.

## BACKGROUND

9. From mid-2003 through mid-2007, Christopher Ward ("Ward") was employed as the Treasurer of the National Republican Congressional Committee ("NRCC"), which is located at 320 First Street, S.E., Washington, D.C. 20003. During portions of this time frame, Ward was

also employed as the Treasurer of numerous political action committees ("PACs"), congressional re-election committees, and a number of yearly President's Dinner Committees.

10. From 2003 through 2006, the NRCC and the National Republican Senatorial Committee ("NRSC") held annual joint fund-raisers featuring a keynote address by the President. Each year a separate committee, called the President's Dinner Committee, affiliated with the NRCC and NRSC, was established to run that year's fund raiser (e.g., The 2003 President's Dinner Committee, The 2004 President's Dinner Committee, etc.). From 2003 through 2006, each year's President's Dinner Committee opened a separate bank account at Wachovia. Wachovia is a federally-insured financial institution with branches located in the District of Columbia, Virginia, Maryland, and elsewhere.

11. From 2003 through 2006, Ward was the Treasurer for each of the yearly President's Dinner Committees and had authority to disperse funds from the Committee's Wachovia accounts to pay for expenses associated with putting on each year's fund-raiser.

12. During the time that Ward was Treasurer of the NRCC, Ward received a salary of approximately $120,000 per year which was directly deposited into his and his wife's personal Wachovia account # xxxxxxxxx1296. The investigation has revealed that as Treasurer of the yearly President's Committee, Ward should have received approximately $10,000 per year for his services to the Committee.

13. The investigation has revealed that beginning in mid-2003, Ward began a scheme in which he transferred funds from a Wachovia account held in the name of the NRCC to Wachovia accounts held in the name of the yearly President's Dinner Committees. Ward would then make numerous unauthorized withdrawals from the yearly President's Dinner Committees' accounts at

Wachovia, via both checks and wire transfers, and then deposit these stolen funds into either his personal account at Wachovia or another account he also had at Wachovia.

14. According to the NRCC, there was no apparent legitimate reason for the numerous large withdrawals or transfers of funds from the yearly President's Dinner Committee Wachovia accounts to accounts held by Ward.

**FRAUDULENTLY OBTAINED FUNDS TRACED TO DEFENDANT PROPERTY**

15. From the investigation to date, a review of bank records revealed that between 2003 through 2007, Ward made over $500,000 in unauthorized withdrawals, frequently in the form of checks, from the yearly President's Dinner Committee Wachovia accounts with corresponding deposits made into Ward's personal Wachovia account # xxxxxxxxx1296 and his other account at Wachovia. For example, on June 2, 2006, Ward wrote check # 2047 from The 2006 President's Dinner Committee's Wachovia account made payable to himself for $25,000. This check was then deposited into Ward's personal Wachovia account # xxxxxxxxx1296 on June 19, 2007.

16. A review of disbursements from Ward's Wachovia account # xxxxxxxxx1296 between 2003-2007, shows that more than $150,000 went to pay design/remodeling and landscaping companies for purportedly performing work on the defendant property. Payments include approximately $78,841 to Great American Landscapes, Inc., $51,000 to Lighthouse Construction, $25,000 to Odel Contracting, and $44,000 to Aidan Design, L.L.C.

17. A review of Ward's Wachovia account # xxxxxxxxx1296 has revealed payments to design/remodeling and landscaping companies that were closely preceded by deposits into the account from the yearly President's Dinner Committees' Wachovia accounts. For example, on

August 5, 2004, there was a $7,500 check deposited from the Wachovia account of The 2004 President's Dinner Committee into Ward's Wachovia account # xxxxxxxxx1296. The balance in Ward's Wachovia account # xxxxxxxxx1296 on August 4, 2004 before the deposit of the check was $115.53. The next day, on August 6, 2004, there was an automated debit to Litton Loan for $4,730.17 from the same account.

18. In three examples listed below, the monetary transactions exceeded $10,000, and the balance in Ward's Wachovia account # xxxxxxxxx1296 was insufficient to cover the transactions without the criminally derived funds. Specifically, on June 19, 2007, check # 2047 for $25,000 from The 2006 President's Dinner Committee's Wachovia account was deposited into Ward's Wachovia account # xxxxxxxxx1296. On June 25, 2007, as a result of the deposit of check # 2047, the balance to Ward's Wachovia account # xxxxxxxxx1296 was $28,673.31. On June 25, 2007, check # 2762 written on Ward's Wachovia account # xxxxxxxxx1296 for $19,125, made payable to Aidan Design, L.L.C., cleared his account. Aidan Design, L.L.C. is an architectural design company. The memo portion on check # 2762 to Aidan Design, L.L.C. noted that the payment was for cabinets. Similarly, on July 9, 2007, check # 2056 for $30,000 from The 2006 President's Dinner Committee's Wachovia account was deposited into Ward's Wachovia account # xxxxxxxxx1296, bringing the account balance to $33,822.29. Two days later, on July 11, 2007, a $15,000 counter check from Ward's Wachovia account # xxxxxxxxx1296 made payable to Lighthouse Construction, cleared his account. Likewise, on April 30, 2007, check # 2043, drawn on The 2006 President's Dinner Committee's Wachovia account for $25,000, was deposited into Ward's Wachovia account # xxxxxxx1296. No other deposits were made between April 30, 2007 and May 4, 2007, and the balance in his Wachovia

account # xxxxxxxxx1296 on May 4, 2007, was $22,284.10. On May 4, 2007, a countercheck made payable to Lighthouse Construction for $15,000, cleared Ward's Wachovia account # xxxxxxxxx1296. On May 11, 2007, check no. 2746 made payable to Aidan Design for $1,750 cleared Ward's Wachovia account # xxxxxxxxx1296. The memo portion of the Aidan Design check contained the notation "countertop."

18. The investigation revealed that three of the checks listed above in paragraph 17 drawn on The 2006 President's Dinner Committee's Wachovia account, checks # 2043, # 2047, and # 2056, were deposited into Ward's account # xxxxxxxxx1296 via an automated teller machine transaction occurring in the District of Columbia, and each of the checks were then transported in interstate commerce to one of Wachovia's regional processing centers. Wachovia does not have any processing centers in the District of Columbia, the nearest Wachovia processing centers are in Virginia and Pennsylvania.

19. The investigation has revealed that what appears to be mortgage payments were also paid out of Ward's Wachovia account # xxxxxxxxx1296. From on or about April 11, 2003 through December 13, 2004, at least $72,000 was paid out of Ward's Wachovia account # xxxxxxxxx1296 to Litton Loan. Although at this time a tracing has not been completed regarding these payments, there is evidence that a least one payment was directly preceded by a deposit from a yearly President's Dinner Committee's Wachovia account into Ward's Wachovia account # xxxxxxxxx1296.

20. Based on the information contained in this Complaint, there is reasonable cause to believe that Ward transported, transmitted, or transferred in interstate commerce securities or money of the value of $5,000 or more, knowing the same to have been stolen, converted or taken

by fraud, and proceeds traceable to that criminal activity were used to make payments for the mortgage, maintenance and/or home improvements on the defendant property.

## COUNT I

21. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated, herein, by reference.

22. As described above, the defendant property constitutes or is derived from proceeds traceable to violation of 18 U.S.C. § 2314.

23. By reason of the above-described facts, the defendant property is subject to forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. § 981(a)(1)(C).

## COUNT II

24. All statements and averments made in paragraphs 1-20 are re-alleged and incorporated, herein, by reference.

25. The defendant property is subject to forfeiture because it was involved in a monetary transaction in criminally derived funds from a specified unlawful activity, of a value greater than $10,000, in violation of 18 U.S.C. § 1957.

26. As such, the defendant property was involved in a money laundering transaction in violation of 18 U.S.C. § 1957 and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that notice issue on the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that

the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                                  Respectfully submitted,

/s/ _____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610

/s/ _____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

/s/ _____
DIANE G. LUCAS
Assistant United States Attorney
D.C. Bar No. 443610
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## **VERIFICATION**

I, Charles E. Price, II, a Special Agent for the Federal Bureau of Investigation, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Executed on this __6__ day of June, 2008.

/s/ _____
Charles E. Price, II
Special Agent
Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS United States of America | DEFENDANTS 6302 Massachusetts Avenue Bethesda, MD 20816 |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Diane G. Lucas   (202) 514-7912 Assistant U.S. Attorney 55 4th Street, N.W., Room 4822 Washington, DC 20530 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☒ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
(1) 18 U.S.C. §981(a)(1)(C), forfeiture of any property...derived from proceeds traceable to a "specified unlawful activity"...in violation of 18 U.S.C. §2314
(2) 18 U.S.C. §981(a)(1)(A), forfeiture of any property...involved in a transaction or attempted transaction in violation of 18 U.S.C. §1957

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE 6/6/2008    SIGNATURE OF ATTORNEY OF RECORD    *[signature]*    Diane G. Lucas, Asstistant U.S. Attorney

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.