IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-CV-00977 (CKK) |
| ) | |
| 6302 MASSACHUSETTS AVENUE ) | |
| BETHESDA, MD 20816, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| CHRISTOPHER WARD ) | |
| AMANDA WARD ) | |
| LITTON LOAN SERVICING LP, ) | |
| ) | |
| Claimants. ) | |
| _____) | |

**JOINT MOTION TO PERMIT INTERLOCUTORY SALE
OF DEFENDANT PROPERTY**

The United States of America, by its undersigned attorneys, and claimants, Christopher Ward, Amanda Ward (Foxman), and Litton Loan Servicing L.P., jointly move the Court to enter an Order, in the form attached hereto as Exhibit A, permitting an interlocutory private sale of the defendant property pursuant to Rule G(7)(b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of said motion, the parties state the following.

**I. BACKGROUND**

On June 6, 2008, plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant, real property located at 6302 Massachusetts Avenue, Bethesda, MD 20816 ("defendant property"). On July 2, 2008, plaintiff filed a Notice of *Lis Pendens* against the defendant property in the Circuit Court for Montgomery County, Maryland. See attached Exhibit

B.  Copies of the Verified Complaint and Notice of Forfeiture Action were posted on the defendant property on August 12, 2008.  See attached Exhibit C.  Copies of the Verified Complaint and Notice of Forfeiture Action were sent to all known interested parties via the United States Postal Service to claimants Christopher Ward and Amanda Ward on June 10, 2008; to apparent lien holder WMC Mortgage Corporation on July 25, 2008; and to the trustee listed on the Deed of Trust, Richard T. Cregger, on July 28, 2008.  See attached Exhibit D.

On July 10, 2008, claimant Amanda Ward filed a verified claim asserting an ownership interest in the defendant property.  See Document No. 2.  On July 15, 2008, claimant Christopher Ward filed a verified claim asserting his ownership interest in the defendant property.  See Document No. 3.

On August 1, 2008, counsel for plaintiff was informed that Litton Loan Servicing L.P. was servicing the mortgage.  A copy of the Complaint was faxed to Litton Loan Servicing L.P.'s Vice President.  See Exhibit E.  On August 14, 2008, plaintiff learned that WMC Mortgage Corporation sold the mortgage.  On August 27, 2008, Litton Loan Servicing L.P., on behalf of US Bank National Association ("US Bank N.A."), trustee for Salomon Home Equity Loan Trust, Series 2002-WMC2 (the "Series 2002-WMC2 Trust"), filed a verified claim asserting an interest in the defendant property.  See Document No. 7.

## II. ARGUMENT

In a civil judicial forfeiture action, Rule G(7)(b) Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") permits the interlocutory sale of property that has been sued for forfeiture.  Rule G(7)(b) states in pertinent part:

(i) **Order to Sell**.  On motion by a party or a person having custody of the

        property, the court may order all or part of the property sold if:

            (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

            (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

            (C) the property is subject to a mortgage or to taxes on which the owner is in default; or

            (D) the court finds other good cause.

Supplemental Rule G(7)(b)(ii) authorizes the Court to designate any person(s) to conduct the interlocutory sale. In this instance, the parties request that the Court allow claimants Christopher and Amanda Ward to conduct a private interlocutory sale of the defendant property. Before this action commenced, the Wards contemplated selling the defendant property because of the high costs to maintain the defendant property. Moreover, the parties agree that it is in everyone's best interest to conduct a private sale of the property now because mortgage interest continues to accrue and the defendant property is a depreciating asset.

      The parties agree that claimants Christopher Ward and Amanda Ward will conduct the private sale. They will obtain an appraisal of the defendant property and will hire a real estate agent (based upon a standard real estate commission) to list the defendant property and conduct sales negotiations. The parties also agree that the United States Marshals Service ("USMS") will oversee the sale and must approve the listing agreement and any sales contract.

      The parties agree that the sale must be an arms-length transaction. Claimants agree that no prospective purchaser will be related in any way to claimants, nor will claimants re-purchase the defendant property.

The parties also agree that upon closing the sale of the defendant property, the net sale proceeds will be deposited into the Seized Asset Deposit Fund Account, which the USMS administers. The parties also consent to the substitution of the net sale proceeds for the defendant property as the substitute *res* in this matter. The substituted funds will then be subject to forfeiture as the defendant in this case.

Under all of the present circumstances, the parties agree that an effort should be made to sell the defendant property in a private sale, with the net proceeds of sale, after payment of the expenses of sale, real estate taxes, and the principal and interest due on the mortgage, then held by the USMS pending the entry of final order of forfeiture in this matter.[1]

WHEREFORE, the United States and claimants move that the Court enter an Order pursuant to Supplemental Rule G(7)(b), in the form attached hereto as Exhibit A.

Respectfully submitted,

_/s/_____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301

---

[1] No attorneys fees will be paid out of the proceeds of the sale of the defendant property, nor are they considered "costs."

          _/s/_____
DIANE G. LUCAS,
Assistant United States Attorney
District of Columbia Bar No. 443610
555 4th St., N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov


          _/s/_____
KIM VITI FIORENTINO, ESQ.
District of Columbia Bar No. 434967
Shulman, Rogers, Gandel, Pordy & Ecker, P.A.
11921 Rockville Pike, Suite 300
Rockville, M.D. 20852
(301) 230-5200
KViti@srgpe.com
(Counsel for Amanda Ward)


          _/s/_____
RONALD C. MACHEN, ESQ.
District of Columbia Bar No. 447889
Wilmer Cutler Pickering Hale and Dorr LLP
1975 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
Ronald.Machen@wilmerhale.com
(Counsel for Christopher Ward)


          _/s/_____
DANIEL J. TOBIN, ESQ.
District of Columbia Bar No. 434058
Ballard Spahr Andrews & Ingersoll, LLP
4800 Montgomery Lane, Seventh Floor
Bethesda, M.D. 20814-3401
(301) 664-6210
TobinDJ@ballardspahr.com
(Counsel for Litton Servicing LP)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 08-CV-00977 (CKK) |
| ) | |
| **6302 MASSACHUSETTS AVENUE** ) | |
| **BETHESDA, MD 20816,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| **CHRISTOPHER WARD** ) | |
| **AMANDA WARD** ) | |
| **LITTON LOAN SERVICING LP,** ) | |
| ) | |
| **Claimants.** ) | |
| ) | |

**ORDER APPROVING INTERLOCUTORY SALE**

Upon Joint Motion to Permit Interlocutory Sale of Real Property, specifically the real property located at 6302 Massachusetts Avenue, Bethesda, MD 20816, and for good cause shown,

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. The parties' Motion to Permit Interlocutory Sale of Defendant Property located at 6302 Massachusetts Avenue, Bethesda, MD 20816 is GRANTED.

2. Claimants Christopher Ward and Amanada Ward shall sell and dispose of the real property at 6302 Massachusetts Avenue, Bethesda, MD 20816, pursuant to the following terms and as provided by law:

      A.    The property will be marketed utilizing an updated appraisal if one is deemed necessary by the United States Marshals Service;

    B.    Claimants will market and sell the property using a licensed real estate broker;

    C.    The United States Marshals Service will have approval authority over the listing agreement and any sales contract;

    D.    The United States may, in its sole discretion, reject any offer or agreement to purchase the defendant property where it determines that the offer is being made by or on behalf of a person involved in the criminal activity alleged as the basis for forfeiture;

    E.    The net proceeds from the sale of the defendant property will include all money realized from the sale of the defendant property, except the following:

        a.    Real estate commission, if any:

        b.    The unpaid sum due to the lienholder;

        c.    Amounts due the holder of any other valid lien which was recorded in the Circuit Court of Montgomery County, Maryland, prior to the United States' Notice of Lis Pendens which was recorded on or about July 2, 2008.

        d.    Real estate taxes which are due and owing;

        e.    Escrow fees, document recording fees not paid by the buyer, title fees, and county transfer fees; and

        f.    All costs approved by the United States Marshals Service in connection with the maintenance, repair, marketing and sale of the defendant property.

3. Claimants Christopher Ward and Amanda Ward shall be permitted to execute all documents necessary to effectuate the sale of the real property located at 6302 Massachusetts Avenue, Bethesda, MD 20816, and shall further execute such documents as may be required by the Settlement Agent or Escrow Officer to cause and permit the settlement proceeds that would have been provided to claimants, instead to be provided to the United States.

At least three business days prior to closing, claimants shall deliver to counsel for the United States (by fax or email), or cause the escrow agent to deliver to counsel for the United States, a true copy of the Final Estimated Closing Statement (reflecting final estimates of debits and credits to claimants as sellers of 6302 Massachusetts Avenue, Bethesda, MD 20816.

  4.  After deducting from the sale proceeds lawful settlement costs and expenses as stated above in paragraph 2(E), claimants and their agents shall provide the remainder of the sale proceeds in the form of a cashier's check or wire transfer to the United States Marshals Service for deposit in the Seized Asset Deposit Fund Account.

  5.  The Clerk of the Court shall provide four (4) certified copies of this Order to counsel for the United States (for service upon non-parties).

_____
COLLEEN KOLAR-KOTELLY
United States District Judge

Date: _____